IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

NISHON RAINNER           :
                         :
    v.                   :    CIVIL NO. CCB-17-636
                         :    Criminal No. CCB-15-0269
UNITED STATES OF AMERICA :
                    ...o0o...

**MEMORANDUM**

Federal prison inmate Nishon Rainner has filed a motion to vacate sentence under 28 U.S.C. § 2255 (ECF No. 75), to which the government has responded. Rainner has replied. For the reasons stated below, the motion will be denied.

Rainner was convicted by a jury on July 23, 2015 of two violations of 18 U.S.C. § 922(g). Count One charged the unlawful possession of a Remington 870 Tactical 12 gauge shotgun and an AK-47 with a loaded magazine. Both of these weapons were found in a black trash bag leaning along one of the walls in the family room of Rainner's residence during a search on March 12, 2015. Count Two charged the unlawful possession of a Smith & Wesson handgun with a loaded magazine and miscellaneous ammunition on March 12, 2015. These items were found above the door frame of an unfinished closet off the family room during the same search. Evidence at trial indicated that the Remington shotgun was reported stolen from a facility in Virginia in 2014; the AK-47 was stolen from the basement of a residence on Elgin Avenue in February, 2015; and the Smith & Wesson was reported stolen in Florida in 2014. Rainner was connected to both the Florida and the Elgin Avenue locations. Rainner was convicted of both counts and sentenced to concurrent 110 month terms of imprisonment.

Rainner now alleges ineffective assistance of counsel for allowing him to be tried and sentenced on both counts ("double jeopardy") and for improper calculation of the advisory

1

guideline range. As to the second issue, he offers no specifics and it appears entirely without merit. As to the first issue, trial counsel did in fact raise a challenge to the sentencing in this case. As the transcript reflects, counsel argued that Rainner should not be sentenced on Count Two, relying on *U.S. v. Dunford*, 148 F.3d 385 (4th Cir. 1998). Noting some lack of clarity in the case law, and that a motion for new trial had been made as to Count One, this court imposed concurrent sentences rather than dismissing either count.

Rainner's convictions were affirmed by the Fourth Circuit on June 16, 2016 (ECF No. 69). It does not appear, however, that counsel raised the issue of a multiplicitous indictment.

Assuming without deciding that counsel's performance was deficient in failing to raise the issue on appeal, the question is whether Rainner was prejudiced by this failure. The fact of concurrent sentences alleviates but does not eliminate any prejudice. *Cf. U.S. v. Brown*, 6 Fed. App'x 159 at *161 (4th Cir. 2001).

The facts of this case are distinguishable from *Dunford*. The Fourth Circuit has explained that:

> If it can be shown . . . that the seized weapons were acquired at different times and places, multiple prosecutions and consecutive sentences are permissible notwithstanding seizure at the same time and place.

*U.S. v. Mullins*, 698 F.2d 686, 687 (4th Cir. 1983); *see also U.S. v. Goodine*, 400 F.3d 202, 210 (4th Cir. 2005) ( Traxler, J., concurring); *Dunford*, 148 F.3d at 390. The firearms in this case were found and seized at the same time in the same residence, but the proof showed that Rainner acquired them at different times and places. Accordingly, Rainner has not shown that he would have prevailed on appeal had his counsel raised this issue.

For the above reasons, the motion to vacate will be denied. A certificate of appealability will not issue.[1]

A separate Order follows.

January  31 , 2018                                     /s/
Date                                           Catherine C. Blake
                                               United States District Judge

---

[1] Rainner is free to seek a certificate of appealability from the Fourth Circuit.