IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA | * |
| | * |
| v. | *   Crim. No. CCB-15-269 |
| | * |
| NISHON QUINTE RAINNER | * |
| | * |

* * * * * * * * * * * * * * * * * * * * * * * *

## **MEMORANDUM**

Nishon Quinte Rainner is a federal prisoner serving a 100-month sentence for firearm offenses. Now pending is Rainner's motion for sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A) (the "compassionate release" statute), based on an underlying health condition that increases his risk of serious illness related to COVID-19, as well as his desire to help care for his mother. (ECF 103). The government opposes the motion, (ECF 108), and Rainner has replied, (ECF 109).[1] For the reasons explained below, the motion will be denied.

## **BACKGROUND**

Rainner was convicted by a jury on July 23, 2015, of two violations of 18 U.S.C. § 922(g). (ECF 37). Count One charged the unlawful possession of a Remington 870 Tactical 12-gauge shotgun and an AK-47 with a loaded magazine. (ECF 1 (Indictment)). Count Two charged the unlawful possession of a Smith & Wesson handgun with a loaded magazine and miscellaneous ammunition. (*Id*.). Evidence at trial indicated that the Remington shotgun was reported stolen from a facility in Virginia in 2014; the AK-47 was stolen from the basement of a residence on Elgin Avenue in February, 2015; and the Smith & Wesson was reported stolen in Florida in 2014. (ECF 91 at 1 (Memorandum denying Rainner's motion to vacate sentence under

---

[1] Rainner also filed supplemental correspondence addressing both his compassionate release motion and his § 2255 motion, (ECF 105, 106), which was denied on January 31, 2018. (ECF 91, 92).

1

28 U.S.C. § 2255)). On September 23, 2015, Rainner was sentenced to 100 months as to Counts One and Two, to run concurrent, followed by a 3-year term of supervised release. (ECF 57 (Judgment)).

In December 2018, Congress enacted the First Step Act. *See* Pub. L. No. 115-391, 132 Stat. 5194. As part of the Act, Congress amended 18 U.S.C. § 3582(c), which empowers courts to reduce a term of imprisonment if "extraordinary and compelling reasons warrant such a reduction." *See* 18 U.S.C. § 3582(c)(1)(A)(i); Pub. L. 115-391, Title VI, § 603(b), Dec. 21, 2018, 132 Stat. 5239. Before the First Step Act, a court could review a prisoner's sentence pursuant to § 3582(c)(1)(A) only "upon motion of the Director of the Bureau of Prisons" ("BOP"). *Id.* But under the amended statute, a court may conduct such a review also "upon motion of the defendant," if the defendant has exhausted all administrative remedies to appeal the BOP's failure to bring a motion, or if 30 days has lapsed "from the receipt of such a request by the warden of the defendant's facility," whichever is earlier. *Id.* The court may authorize compassionate release if, after considering the factors set forth in 18 U.S.C. § 3553(a), the court finds that "extraordinary and compelling reasons" warrant it. *See* 18 U.S.C. § 3582(c)(1)(A)(i).

In a letter to the court received on May 27, 2020, Rainner asserted that he "filed the administrative remedy to the warden of this facility over a month ago but [he] never received a written reply." (ECF 105). While Rainner has not submitted documentation supporting his claim that he has exhausted administrative remedies, the government does not appear to contest that he has. (*See generally* ECF 108). Accordingly, in the absence of disagreement from the government, the court assumes Rainner's motion is properly before the court. Accordingly, the only issues are (1) whether "extraordinary and compelling reasons" warrant reduction of Rainner's sentence and (2) if there is such a reason, whether the § 3553(a) factors weigh in favor

2

of a sentence reduction.

**DISCUSSION**

Under 28 U.S.C. § 994(t), the United States Sentencing Commission is responsible for defining "what should be considered extraordinary and compelling reasons for sentence reduction" under § 3582(c)(1)(A). According to the Commission's Policy Statement, "extraordinary and compelling reasons" exist where (A) the defendant is suffering from a terminal or serious medical condition; (B) the defendant is over 65 years old, has failing health, and has served at least ten years or 75 percent of his sentence, whichever is less; (C) the caregiver of the defendant's minor child dies or becomes incapacitated, or the defendant's spouse or partner becomes incapacitated and the defendant is the only available caregiver; or (D) "other reasons" as determined by the BOP. *See* U.S.S.G. §1B1.13 cmt. n.1(A)–(D). The BOP criteria for "other reasons" justifying a sentence reduction are set forth in Program Statement 5050.50 ("Compassionate Release/Reduction in Sentence: Procedures for Implementation of 18 U.S.C. §§ 3582 and 4205(g)"). As this court and others have held, however, the court possesses independent discretion—guided, but not bound by, Sentencing Commission and BOP criteria—to determine whether there are "extraordinary and compelling reasons" to reduce a sentence. *See United States v. Decator*, --- F. Supp. 3d ----, 2020 WL 1676219, at *3 (D. Md. Apr. 6, 2020) (citing cases).[2]

Rainner argues that he should be considered for compassionate release based on an underlying medical condition (high blood pressure) that increases his risk of developing serious illness related to COVID-19. (ECF 103 at 3). The Centers for Disease Control ("CDC") has

---

[2] The court's independent discretion stems from the First Step Act of 2018, which, *inter alia*, amended 18 U.S.C. § 3582(c) with the stated goal of "increasing the use and transparency of compassionate release." *See* First Step Act § 603(b), Pub. L. No. 115-391, 132 Stat. 5194; *see also Decator*, 2020 WL 1676219, at *1–3 (explaining Policy Statement § 1B1.13's partial inconsistency with the First Step Act amendments to § 3582(c)).

issued guidance on underlying conditions that increase an individual's vulnerability to COVID-19. *See Coronavirus Disease 2019 (COVID-19): People with Certain Medical Conditions*, CDC, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (updated July 17, 2020). The CDC distinguishes between those conditions where someone "[is] at increased risk" (e.g., obesity), and those where someone "might be at an increased risk" (e.g., asthma). *Id.* High blood pressure, i.e. hypertension, is in the latter group. *Id.*

The government points out that Rainner has not provided medical or other documentation supporting his assertion that he has high blood pressure. (ECF 108 at 17). But even assuming Rainner could provide such documentation, the court is not persuaded that this underlying medical condition rises to the level of an "extraordinary and compelling reason" warranting a sentence reduction. Rainner is relatively young (36 years old), and as explained above, the CDC classifies hypertension as a lesser risk factor for severe illness related to COVID-19. Absent evidence of other underlying conditions that make Rainner particularly vulnerable to COVID-19, the court does not believe Rainner's stated high blood pressure is grounds for compassionate release. *See, e.g., United States v. Brown*, No. CR SAG-10-0344, 2020 WL 3833284, at *4 (D. Md. July 8, 2020) ("Just because Brown might have one underlying condition that elevates his risk for severe illness from COVID-19 does not mean that he is entitled to compassionate release. Instead, his underlying medical conditions must compellingly increase his risk for severe illness, or death, if he were to contract COVID-19.").[3]

To the extent that Rainner seeks relief under the CARES Act, (*see* ECF 103 at 1), the court is without authority to grant it. While the CARES Act authorizes the Bureau of Prisons, in certain circumstances, to lengthen the amount of time a defendant may be placed on home

---

[3] Unpublished opinions are cited for the persuasiveness of their reasoning rather than any precedential value.

4

confinement, *see* CARES Act of 2020, Pub. L. No. 116-136, § 12003(b)(2), 134 Stat. 281, 516, "[t]his provision does not authorize the court to order [a] defendant's placement in home confinement," *see United States v. Gray*, No. 4:12-CR-54-FL-1, 2020 WL 1943476, at *3 (E.D.N.C. Apr. 22, 2020). Indeed, "[t]he discretion to release a prisoner to home confinement lies solely with the Attorney General." *See United States v. Byers*, No. 118CR00036MRWCM1, 2020 WL 3513703, at *2 (W.D.N.C. June 29, 2020) (citing 18 U.S.C. § 3624(c)(2) and 34 U.S.C. § 60541(g)).

The court appreciates Rainner's desire to help care for his mother, as well as his efforts at rehabilitation while incarcerated. But as Rainner does not present an "extraordinary and compelling reason" for a sentence reduction, his motion will be denied.[4]

## CONCLUSION

For the foregoing reasons, Rainner's motion for compassionate release (ECF 103) will be denied. A separate order follows.

| 8/6/20 | /S/ |
|---|---|
| Date | Catherine C. Blake |
|  | United States District Judge |

---

[4] As no extraordinary and compelling reasons exist for a sentence reduction, the court need not address the 18 U.S.C. § 3553(a) factors.